Argued and submitted September 11, affirmed October 28, 1987

In the Matter of the Compensation of
Dena M. Smith, Claimant.

**SMITH,**
*Petitioner,*

*v.*

**RIDGEPINE, INC. et al,**
*Respondents.*

(WCB 85-05567; CA A41505)

744 P2d 586

J. Michael Casey, Portland, argued the cause for petitioner. With him on the brief was Doblie & Associates, Portland.

Patric J. Doherty, Portland, argued the cause for respondents. With him on the brief were Ronald W. Atwood and Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In this workers' compensation case, claimant seeks review of a Board order which affirmed the referee's holding that claimant is not entitled to temporary total disability (TTD) benefits. We affirm.

Claimant sustained a low back injury on February 8, 1980. She saw Dr. Fredstrom that day and again 10 days later, when he found her to be asymptomatic except for pain that she claimed to experience when doing heavy lifting. United Pacific Insurance accepted her claim as nondisabling, and she did not contest that. ORS 656.262(6). She received further treatment for her low back injury in 1983, and then that treatment was apparently billed to and paid by United.

A letter from Dr. Kovachevich, dated February 11, 1985, was claimant's first claim for TTD benefits. The referee determined that the claim was barred under *former* ORS 656.262(10) (*now* ORS 656.262(12)) and ORS 656.273(4)(b), because it was filed more than five years after the 1980 nondisabling injury. The Board affirmed on the ground that claimant had removed herself from the workforce in 1983. We affirm on the ground stated by the referee.

At the time of claimant's initial injury in 1980, ORS 656.262(10) provided, in pertinent part:

"A claim that a nondisabling injury has become disabling, if made more than one year after the date of injury, *shall be made pursuant to ORS 656.273 as a claim for aggravation.*" (Emphasis supplied.)

At the same time, ORS 656.273(4) provided, in pertinent part:

"(a) Except as provided in paragraphs (b) and (c) of this subsection, the claim for aggravation must be filed within five years after the first determination made under [ORS 656.268(3)].

"(b) If the injury was nondisabling and no determination was made, the claim for aggravation *must be filed within five years after the date of injury.*" (Emphasis supplied.)

Claimant's claim must be treated as an aggravation claim under ORS 656.273, because it was made on the basis that her previously nondisabling injury had become disabling more than one year after the date of injury. The insurer first

received notice of the claim on February 19, 1985, by Kovachevich's letter of February 11, 1985. It follows that the claim is barred, because claimant did not file it within five years of her injury.

Affirmed.[1]

---

[1] The Board affirmed the referee's awards to claimant for medical services and attorney fees, and those awards are not challenged by either employer or insurer.